IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2280-FL

| | | |
|---|---|---|
| LAMONT REGINALD FAGAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss for lack of jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 7). The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court grants the motion.

### BACKGROUND

The relevant factual background is not disputed. On November 17, 2014, petitioner pleaded guilty in this court to conspiracy to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841. United States v. Fagan, No. 5:14-CR-144-BO-1 (E.D.N.C. Nov. 17, 2014). On March 17, 2015, the court held petitioner's sentencing hearing. Id. (Mar. 17, 2015). The court determined that petitioner's advisory guidelines range under the United States Sentencing Guidelines was 151 to 188 months' imprisonment, based in part on two-level enhancement for possession of a firearm during a drug trafficking offense. Id. (Statement of Reasons; Presentence Investigation Report); see also U.S.S.G. § 2D1.1(b)(1) (2014). Petitioner did not object to the two-level enhancement. United States v. Fagan, No. 5:14-CR-144-BO-1

(E.D.N.C. Mar. 17, 2015) (Statement of Reasons). The court sentenced petitioner to 120 months' imprisonment. Id. (Judgment).

In 2016, petitioner enrolled in the Federal Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). (See Pet. App. A (DE 1-2) at 2).[1] Federal inmates who complete RDAP and meet certain eligibility requirements are eligible for discretionary early release. 18 U.S.C. § 3621(e)(2)(B). BOP administrators requested that the BOP's Designation and Sentence Computation Center ("DSCC") review petitioner's "current and prior offenses, to determine whether [such] offene[s] preclude [petitioner] from early release eligibility pursuant to 18 U.S.C. § 3621(e)." (See Pet. App. A (DE 1-2) at 2). On October 24, 2016, the DSCC determined petitioner was ineligible for early release because his offense involved the carrying, possession, or use of a firearm or other dangerous weapon, and that the offense "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." (Id.). In making this determination the BOP relied on 28 C.F.R. § 550.55(b)(ii)-(iii) and Program Statement 5162.05. (Id. at 2-3).

On November 15, 2018, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues the BOP violated the Administrative Procedure Act, and abused its discretion by denying his request for an RDAP sentence reduction. On June 28, 2019, respondent moved to dismiss the petition, arguing the court lacks subject matter jurisdiction to review petitioner's claims, and that petitioner has failed to state a claim on which relief may be granted. The motion was fully briefed.

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

# DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the BOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted, petitioner challenges the BOP's determination that he is ineligible for an RDAP sentence reduction. Pursuant to 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [RDAP] may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." The BOP enacted 28 C.F.R. § 550.55 to establish criteria for determining which inmates are categorically excluded from RDAP early release based on the BOP's interpretation of § 3621(e), and particularly the phrase "nonviolent offense." See Lopez v. Davis, 531 U.S. 230, 232-33 (2001) (discussing prior version of the regulation).

In relevant part, the regulation provides that, as an "exercise of the [BOP] Director's discretion," an inmate who completes RDAP is ineligible for early release when the inmate has a currently felony conviction for: 1) "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or 2) "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(ii)-(iii). The BOP has provided further guidance in Program Statement 5162.05. In relevant part, the program statement provides that an inmate convicted of a drug trafficking offense and who receives a sentencing enhancement under U.S.S.G. § 2D1.1 is categorically ineligible for early release because the offense involved the carrying, possession, or

4

use of a firearm. Program Statement 5162.05 ¶ 4; (see also Pet. App. A (DE 1-2) at 2). As set forth above, the BOP relied on these provisions when denying petitioner's request for sentence reduction. (See Pet. App. A (DE 1-2) at 2-3).

Petitioner argues that 28 C.F.R. § 550.55(b)(5)(iii) and BOP Program Statement 5162.05 are unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Johnson and Sessions invalidated as unconstitutionally vague provisions of the Armed Career Criminal Act and the Immigration and Nationality Act that contain language similar to the "otherwise presented a serious potential risk of physical force" phrase found in 28 C.F.R. § 550.55(b)(5)(iii) and Program Statement 5162.05. Johnson, 135 S. Ct. at 2563; Sessions, 138 S. Ct. at 1215-16. The BOP's program statements and 28 C.F.R. § 550.55, however, are not subject to void-for-vagueness challenges. The void-for-vagueness doctrine applies to legislative or regulatory enactments that define criminal offenses, fix the permissible sentences for criminal offenses, or impose punitive civil penalties. See Sessions, 138 S. Ct. at 1212-13; Beckles v. United States, 137 S. Ct. 886, 892 (2017); Wilborn v. Mansukhani, 795 F. App'x 157, 165 (4th Cir. 2019). BOP program statements and the regulation at issue "cannot create a crime or impose a sentence [because] they come into play long after a conviction and sentence have been fixed." Wilborn, 795 F. App'x at 165; see also Brown v. Warden, FPC Alderson, No. CV 1:18-01407, 2019 WL 6247870, at *6 (S.D.W. Va. Sept. 17, 2019) (holding Johnson and Dimaya are inapplicable to 28 C.F.R. § 550.55 and BOP Program Statement 5162.05 based on reasoning set forth above).

Furthermore, in this case, the BOP denied the sentencing credit based not only on the "otherwise presented a serious potential risk of physical force" provision but also because

5

petitioner possessed a firearm during a drug trafficking offense. (Pet. App. A (DE 1-2) at 2-3 (citing 28 C.F.R. § 550.55(b)(5)(ii)). Petitioner points to no legal authority suggesting that 28 C.F.R. § 550.55(b)(5)(ii) is constitutionally infirm or otherwise invalid. See Fletcher v. Johns, No. 5:10-HC-2200-BO, 2011 WL 2981960, at *2-3 (E.D.N.C. July 22, 2011) (concluding 28 C.F.R. § 550.55 did not violate Administrative Procedure Act); Austin v. Federal Bureau of Prisons, No. 6:09–485–MBS, 2010 WL 412815, at *5 (D.S.C. Jan. 27, 2010) (finding that "§ 550.55 is a valid exercise of the BOP's discretion under § 3621(e)(2)(B)."), aff'd, 382 Fed. App'x 275 (4th Cir. Jun. 9, 2010); cf. Lopez, 531 U.S. at 244 (upholding prior version of the regulation).[2]

To the extent petitioner is challenging the BOP's decision denying sentence reduction in this particular case, the claim is without merit. The court lacks jurisdiction under the Administrative Procedure Act to review the BOP's discretionary decisions denying an RDAP sentence reduction. See 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("The plain language of [§ 3625] specifies that the judicial review provisions of the [Administrative Procedure Act] do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. § 3621-3624."); Wilborn, 795 F. App'x at 165.

Petitioner also arguably challenges BOP's decision under the Due Process Clause of the Fifth Amendment. It is well established that in order to demonstrate a due process violation, a petitioner must show that he was deprived of a liberty or property interest protected under the Fifth

---

[2] Although he provides no substantive argument with respect to this issue, petitioner does cite to Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008) in the petition. Arrington indeed invalidated in part a prior version of 28 C.F.R. § 550.55 because the BOP failed to set forth a valid rationale for excluding inmates convicted of offenses that involved possession or use of a firearm. 516 F.3d at 1116. However, the BOP has since amended the regulation to address the issues identified in Arrington, and petitioner presents no argument that the current version of § 550.55 is invalid. See Fletcher, 2011 WL 2981960, at *2-3.

Amendment to the United States Constitution. <u>Greenholtz v. Inmates of Neb. Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979). Prisoners do not have a protected liberty interest in RDAP participation or in the early release incentive. <u>See id.</u>; <u>Reeb</u>, 636 F.3d at 1229 n.4; <u>see also</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976) (finding no due process protections were required concerning eligibility for rehabilitative programs in the federal system and prison officials had discretion to control these conditions). Moreover, the United States Supreme Court has held that there is no constitutional right to be released prior to the completion of a valid prison sentence. <u>Greenholtz</u>, 442 U.S. at 7. Based upon the foregoing, petitioner has no due process claim.[3]

C.  Certificate of Appealability

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. <u>See</u> 28 U.S.C. § 2253(c); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 7). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] To the extent petitioner is bringing an equal protection claim, the court dismisses the claim for the reasons set forth in respondent's memoranda in support of the motion to dismiss. (DE 8, 13).